UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by RbS D.C.

SEP 14 2009

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. of FLA. -- MIAMI

CASE NO.:

IN RE:

ELIGIO CEDENO,

Petitioner.

09-22725
MC
CIV-MORENO

TORRES

# EMERGENCY ~~EX PARTE~~ PETITION TO APPOINT COMMISSIONER IN AID OF LITIGATION BEFORE FOREIGN TRIBUNAL AND SUPPORTING MEMORANDUM OF LAW

Petitioner, ELIGIO CEDENO ("Mr. Cedeno"), by and through undersigned counsel and pursuant to 28 U.S.C.§ 1782(a), hereby moves for an order appointing Shutts & Bowen LLP and Veritext Court Reporting commissioners to take discovery in the United States in connection with an action currently pending in Caracas, Venezuela (hereinafter referred to as the "Venezuelan Court"). In support of this Petition, Petitioner states as follows:

## INTRODUCTION

Mr. Cedeno hereby applies for an order appointing Shutts & Bowen LLP and Veritext Court Reporting commissioners to issue the subpoena *duces tecum* and *ad testificandum* attached as an exhibit to the proposed order attached as Exhibit "A" hereto to third-party witness, Yoneiba Coromoto Parra Barillas ("Ms. Barillas"), who will be found in this district next week. Ms. Barillas has in her possession evidence highly relevant to Mr. Cedeno's defense against the criminal charges pending against him in the Criminal Prosecution taking place in Venezuela.

This application is brought pursuant to 28 U.S.C. § 1782(a), which provides that a district court in which a person is found, like this Honorable Court, upon application of an interested person, like Mr. Cedeno, may order the person found in the district, like Ms. Barillas, "to give

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

his testimony or statement or to produce a document or other thing for use in a foreign or international tribunal," like the Venezuelan Court. Further, pursuant to 28 U.S.C. § 1782(a), the persons appointed by the Court, in this case, Shutts & Bowen LLP and Veritex Court Reporting, have the power to take the testimony or statement. As demonstrated below, all the requirements for the relief requested herein have been met. Furthermore, Ms. Barillas does not reside in the Southern District of Florida (the "District"), but Petitioner has learned that she may be found in the District as soon as this Monday, September 14, 2009, and will remain in the District only for a few days. Therefore, the Court has broad discretion to grant the discovery requested and good cause exists to grant the discovery on an emergency basis.

## FACTUAL BACKGROUND

1. Mr. Cedeno is a law abiding citizen of Venezuela who struggled to succeed in life and leave his childhood troubled by deprivation and scarcity behind. In 2003, Mr. Cedeno held a post as Vice-President of Finance for Banco Canarias, an authorized foreign exchange agent in Venezuela. During that time and to this date, Mr. Cedeno has been regarded by the government of Venezuela as a political threat.

2. In June of 2003, the largest computer retailer in Venezuela, Consorcio Microstar, applied to the Venezuelan government agency in charge of controlling currency exchange transactions in Venezuela, CADIVI, through Banco Canarias, to purchase substantial sums of U.S. Dollars utilizing fraudulent computer sales invoices for non-existent computers. CADIVI failed to perform the due diligence required under Venezuelan law and/or chose to ignore the fraud being perpetrated by Consorcio Microstar and approved the currency exchange applied for by Consorcio Microstar. Pursuant to CADIVI's approval, and unaware of the fraud underlying

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

2

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

the request for the currency exchange made by Consorcio Microstar, Banco Canarias performed the currency exchange transaction.

3. Venezuelan law exempts authorized foreign exchange agents, like Banco Canarias, from any duty to verify the facts set forth in a currency exchange application like the one submitted to CADIVI through Banco Canarias by Consorcio Microstar. Further, under Venezuelan law, the crime of import tax evasion is not applicable to authorized foreign exchange agents like Banco Canarias. Despite the foregoing, in November of 2005, Mr. Cedeno was inexplicably indicted by the Venezuelan Attorney General's Office, of which Ms. Barilla was an employee at that time, on charges of conspiracy to fraudulently smuggle foreign currency through fraudulent importation of products and conspiracy to evade import taxes. In fact, during that time, Ms. Barilla was one of the prosecutors in charge of Mr. Cedeno's case. Mr. Cedeno's indictment constituted the first of a series of outrageous violations of human rights and denial of due process suffered by Mr. Cedeno.

4. Thereafter, Mr. Cedeno filed a motion to dismiss with the Venezuelan Court demonstrating that the indictment was clearly unsupported by the facts and by law (the "Motion to Dismiss"). For several months, the Venezuelan Court at the convenience of the Attorney General's Office, completely ignored and failed to rule upon Mr. Cedeno's Motion to Dismiss. During that time, the Attorney General's Office investigation of the Consorcio Microstar alleged fraud, consisted of a fishing expedition unfairly and prejudicially focused upon Mr. Cedeno that completely ignored the role of CADIVI, the real party responsible for investigating and detecting any fraud perpetrated by Consorcio Microstar. As a result, Mr. Cedeno petitioned the Supreme Court of Venezuela for a writ ordering the Venezuelan Court to rule on Mr. Cedeno's Motion to Dismiss and finding that the Attorney General should conduct a proper investigation. The

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

Supreme Court granted Mr. Cedeno's petition. However, Mr. Cedeno's case was transferred to a different trial judge and Mr. Cedeno's Motion to Dismiss was curiously denied without any basis or justification. Further, the Attorney General's Office continued its unfair witch-hunt solely directed against Mr. Cedeno.

5. In February of 2007, the Attorney General's Office outrageously requested Mr. Cedeno's incarceration pending trial based upon a charge for which Mr. Cedeno had not been indicted: the alleged diversion of Venezuelan currency owned by Banco Canarias, purportedly to fund the alleged fraudulent currency exchange transaction. Despite the facts that Mr. Cedeno had not been charged with the alleged diversion of Banco Canarias' assets and was a well respected citizen of Venezuela (where Mr. Cedeno and his family had always lived and where Mr. Cedeno had always conducted his business), the Court granted the request for Mr. Cedeno's incarceration based solely upon the fact that Mr. Cedeno had access to a private aircraft. To make matters worse, Mr. Cedeno's request to review his case file was wrongfully denied.

6. In March of 2007, reinforcing the pattern of due process and human rights desecration, the Attorney General's Office successfully sought a wrongful order freezing Mr. Cedeno's assets in violation of the Constitution of Venezuela and applicable Venezuelan statutes limiting financial penalties against a criminal defendant. More egregiously, in May of 2007, the Venezuelan Court ruled that all evidence sought to be presented at trial by Mr. Cedeno to prove his innocence was inadmissible at Mr. Cedeno's trial. To add physical punishment to Mr. Cedeno's unlawful detention and denial of due process, concomitantly with the denial of his right to present his defense at trial, Mr. Cedeno was denied the right to medical treatment when the Venezuelan Court refused to enforce its prior order granting Mr. Cedeno's right to medical

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

treatment for a deteriorative condition, which order had been openly disobeyed by the jail officers.

7.  Thereafter, the Attorney General's Office employed dilatory tactics to delay Mr. Cedeno's trial and indefinitely detain Mr. Cedeno in prison. As a example, the prosecutors failed to appear on no less than five different dates previously scheduled for Mr. Cedeno's trial.

8.  In March of 2008, when Mr. Cedeno's trial finally commenced, Mr. Cedeno faced the following baseless and unfounded allegations: (1) alleged diversion of Banco Canarias' funds; and (2) alleged conspiracy to obtain foreign currency through fraud. The charge of conspiracy to fraudulently obtain foreign currency was clearly barred by the statute of limitations, but the trial court had inexplicably denied Mr. Cedeno's motion to dismiss this count. Further, Mr. Cedeno faced a third charge of conspiracy to fraudulently smuggle foreign currency through simulation of importation of products based upon a completely unsupported allegation that Mr. Cedeno somehow participated in the delivery of fraudulent documentation to the Venezuela Customs Office.

9.  During Mr. Cedeno's trial, the State's own expert witness testified that the Venezuelan Attorney General's Office withheld exculpatory evidence that Mr. Cedeno could not have diverted and did not divert funds from Banco Canarias to purchase U.S. Dollars. Specifically, the State's expert witness testified that the Attorney General's Office had in its possession official communications from the Minister of Finance of Venezuela confirming that the source of the Venezuelan currency utilized to purchase the U.S. Dollars was negotiable instruments provided by independent third parties, not funds from Banco Canarias or Mr. Cedeno. Thus, the Attorney General's Office wrongfully incarcerated Mr. Cedeno based upon an alleged crime which: Mr. Cedeno had not been indicted for at the time of his incarceration and

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

5

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

the Attorney General's Office knew that Mr. Cedeno could not have committed. The Attorney General's Office despicably withheld proof of Mr. Cedeno's innocence.

10. More egregiously, a representative of the Central Bank of Venezuela testified that one of the elements of the crime of diversion of Banco Canarias' funds, damages to Venezuela, and one of the elements of the crime of fraudulent smuggling, submission of falsified documents to the Customs Administration, did not occur.

11. Thereafter, the conclusion of Mr. Cedeno's trial was artfully prevented by the prosecution and is currently being indefinitely postponed while Mr. Cedeno is maintained in prison illegally.

12. Indeed, despite the fact that Venezuelan laws specifically prohibit preventive detention for more than two years without a trial and limit financial penalties against a criminal defendant, to date, two years and three months after his incarceration, Mr. Cedeno remains in prison in Venezuela and all his assets remain frozen in clear violation of Venezuelan law.

13. Ms. Barillas, the witness sought to be deposed pursuant to this Petition, no longer works at the Venezuelan Attorney General's Office. As noted above, Ms. Barillas was one of the prosecutors who worked on Mr. Cedeno's prosecution, including the motion requesting Mr. Cedeno's pre-trial detention. Mr. Cedeno has reason to believe, and does believe, that Ms. Barillas was dismissed from the Attorney General's Office because she disagreed with the manner in which the criminal prosecution of Mr. Cedeno was being conducted by the Attorney General's Office and that Ms. Barillas' testimony will finally and undeniably uncover the irregularities of Mr. Cedeno's indictment and pre-trial incarceration, including the fact that Mr. Cedeno's indictment, pre-trial incarceration, prosecution, and trial were frivolous and malicious in a manner that cannot be ignored by the Venezuelan courts, including the Supreme Court.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

14. Based upon the foregoing, Ms. Barilla's testimony is crucial to the release of Mr. Cedeno from illegal detention and will be used in Mr. Cedeno's criminal prosecution before the Venezuelan Court and any subsequent proceedings thereon.

15. This matter is an emergency because Ms. Barillas does not reside in the District, but Petitioner has reason to believe, and does believe, that she may "be found" in the District as soon as Monday, September 14, 2009, and that she will remain in the District only for a few days.

## MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1782(a) (the "Foreign Litigants Assistance Statute"), entitled Assistance to Foreign and International Tribunals and to Litigants Before such Tribunals:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The Supreme Court of the United States has recently reaffirmed the vitality and importance of the Foreign Litigants Assistance Statute. When the three (3) essential statutory requirements, (1) that the person from whom discovery is sought be found in the district, (2) that the discovery is for use in a proceeding in a foreign tribunal, and (3) that the applicant is an

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

"interested person" are met, as they are here, the court has discretion to grant the discovery requested. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

All the three statutory requirements are satisfied in this case. Upon information and belief, Ms. Barillas will be found in the District next Monday, September 14, 2009, meeting the first requirement. The Venezuelan Court is unquestionably a "foreign tribunal" and the discovery is sought for use in the criminal prosecution of Mr. Cedeno and any subsequent proceedings thereon, thus meeting the second requirement. Mr. Cedeno is the defendant in the criminal proceedings in the Venezuelan Court, and accordingly is an "interested person." As the Supreme Court held in *Intel*, a litigant in a foreign proceeding in a foreign tribunal "may be the most common example of the interested person(s) who may invoke § 1782." *Id.* at 256. As such, the third requirement is also met. Therefore, the Court should grant the discovery requested herein.

Moreover, ex-parte relief is necessary here. First, time is of the essence in this case. Although the conclusion of Mr. Cedeno's trial was suspended indefinitely, Mr. Cedeno's trial may be concluded upon short notice by the Government of Venezuela. The discovery requested herein would certainly be more beneficial if presented by Mr. Cedeno prior to the conclusion of his trial. Further, Petitioner has reason to believe, and does believe, that Ms. Barillas may be found in the Southern District of Florida as soon as Monday, September 14, 2009, for a short period of time. Finally, the Foreign Litigants Assistance Statute does not contain any notice requirement. The ex-parte proceeding cannot be considered prejudicial because the deponent is afforded ample opportunity to address the discovery sought by filing a motion to vacate the order entered, to limit discovery, or to seek a protective order. Therefore, the relief requested herein should be granted ex-parte.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

**WHEREFORE**, Petitioner, ELIGIO CEDENO, respectfully requests the entry of an order appointing Shutts & Bowen LLP and Veritext Court Reporting commissioners to take the aforementioned discovery in the Southern District of Florida in connection with the criminal prosecution of Mr. Cedeno pending in the Venezuelan Court, and submits the proposed order and proposed discovery attached hereto as Exhibit "A".

Dated: September 14, 2009.
Miami, Florida.

                                          Respectfully submitted,

By: _____
Harold E. Patricoff (508357)
hpatricoff@shutts.com
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 381-9982 Facsimile
Attorneys for Petitioner

MIADOCS 3511178 2

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

IN RE:

ELIGIO CEDENO,

    Petitioner.

_____/

### ORDER APPOINTMENT COMMISSIONER
### IN AID OF LITIGATION BEFORE FOREIGN TRIBUNAL

THIS CAUSE, having come before the Court upon Petitioner, ELIGIO CEDENO's, Ex-Parte Petition to Appoint Commissioner In Aid Of Litigation Before Foreign Tribunal and Supporting Memorandum of Law, pursuant to 28 U.S.C § 1782 (a), and the Court having reviewed said Petition, and being otherwise apprised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Petitioner has demonstrated the existence of grounds and good cause as specified in U.S.C. § 1782.

2.    SHUTTS & BOWEN, LLP is hereby commissioned by the District Court of the Southern District of Florida to issue the subpoena *duces tecum* and *ad testificandum* attached hereto, for the deposition of Yoneiba Coromoto Parra Barillas to be taken at a date and time to be defined in the subpoena.

3.    Veritext Court Reporting is hereby commissioned to administer the necessary oath and transcribe the testimony of Yoneiba Coromoto Parra Barillas.



      ORDERED at Chambers, Miami, Miami-Dade County, Florida, on this _____ day of _____, 2009.

                                              _____
                                              DISTRICT COURT JUDGE

Copies furnished to:

Harold E. Patricoff, Esq.

MIADOCS 3513051 1

## Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

IN RE:

ELIGIO CEDENO,

**SUBPOENA DUCES TECUM
AND AD TESTIFICANDUM**

Petitioner.

TO:   Yoneiba Coromoto Parra Barillas, Miami, Florida 33131.

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Shutts & Bowen, LLP, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131 | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE SCHEDULE OF DOCUMENTS ATTACHED**

| PLACE<br>Shutts & Bowen, LLP, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131 | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HAROLD E. PATRICOFF, ESQ., FBN 508357
SHUTTS & BOWEN LLP, 1500 MIAMI CENTER, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131, TEL. (305) 379-9189, FAX. (305) 381-9982

(See Federal Rules of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               DATE                            SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

                                              _____

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On a timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Store Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE "A"

## DEFINITIONS AND INSTRUCTIONS

1. "Person" means and includes any natural person, corporation, partnership, association, firm or any other private organization or governmental agency, and includes the plural.

2. The term "Criminal Prosecution" refers to the criminal prosecution taking place in Venezuela against Mr. Eligio Cedeno.

3. "Relate," "related" or "relating" means and includes contain or containing, constitute or constituting, describe or describing, discuss or discussing, refer or referring, state or stating, assess or assessing, and record or recording.

4. "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible production in response to any particular document request.

5. Words shall be construed either in the singular or plural form.

6. If any document requested below is withheld on a claim of privilege, specify its date, its addressee(s) or recipient(s), its author(s), its present location and custodian(s), all persons who have seen or had access to it, its subject matter, and the basis upon which it is claimed to be privileged.

### Documents Requested

1. All Documents in your possession relating to the investigation of the fraud involving Consorcio Microstar that allegedly occurred in 2003.

2. All Documents in your possession relating to the indictment, pre-trial detention, prosecution, and/or trial of Mr. Eligio Cedeno.

JS 44 (Rev. 2/08)

**09-22725** CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by RcS D.C.
SEP 14 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

### I. (a) PLAINTIFFS
Eligio Cedeno

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harold E. Patricoff, Esq., Shutts & Bowen LLP
201 S. Biscayne Boulevard, Miami, Florida 33131
Tel (305) 358-6300 Fax (305) 381-9982

Attorneys (If Known)

CIV-MORENO
TORRES

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ✓ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ✓ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO     b) Related Cases ☐ YES ✓ NO

JUDGE _____     DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. 1782 (a)

LENGTH OF TRIAL via __1__ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD     DATE

FOR OFFICE USE ONLY
AMOUNT $39.00     RECEIPT # 1008294  IFP
09/14/09